IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LORENZO LARA-HAYNES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-056-Z-BR |
| | § | |
| CIPRIANO GARCIA, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO GRANT DEFENDANT RICHERSON'S MOTION TO DISMISS**

Plaintiff LORENZO LARA-HAYNES, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division, filed a lawsuit against multiple defendants, including Warden Kendall Richerson (defendant "Richerson"), of the TDCJ Clements Unit where plaintiff was housed at the time of the events giving rise to his claims. Plaintiff alleges claims of conspiracy to use excessive force during an incident on March 7, 2019. Plaintiff brings his suit for monetary damages against all defendants in their official and individual capacities.

On October 28, 2019, defendant Richerson moved to dismiss the claims against her in her official capacity as barred by Eleventh Amendment Immunity and moved to dismiss the claims against her in her individual capacity pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11). Plaintiff never filed any responsive pleading to the Motion to Dismiss and has not filed any pleadings with the Court since the motion was filed. For the following reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant Richerson's Motion to Dismiss should be GRANTED.

## I. STANDARD OF REVIEW

Rule 12(b)(1) provides that a defendant may file a motion to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In deciding a Rule 12(b)(1) motion to dismiss, the Court may consider:

> (1) the complaint alone;
>
> (2) the complaint supplemented by undisputed facts; or
>
> (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*King v. U.S. Dept. of Veteran's Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (quoting *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc.*, 143 F.3d at 1010.

Defendant Richerson asserts her Eleventh Amendment immunity for the claims against her in her official capacity. Although defendant moved to dismiss under both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim, this Court must analyze the Motion to Dismiss under the Rule 12(b)(6) standard "because arguments for immunity are attacks on the existence of a federal cause of action." *Morrison v. Walker*, 704 Fed. App'x 369,

372 n.5 (5th Cir. 2017) (citing *Daniel v. Ferguson*, 839 F.2d 1124, 1127 (5th Cir. 1988)). The Fifth Circuit has held that "when a defendant's challenge to the court's jurisdiction is also a challenge to the existence of a federal cause of action, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case." *Daniel*, 839 F.2d at 1127; *see also Ballard v. Wall*, 413 F.3d 510, 514–15 (5th Cir. 2005) (deciding motion to dismiss raising judicial immunity under Rule 12(b)(6)).

Defendant Richerson also moved to dismiss the claims against her in her individual capacity, alleging plaintiff's complaint fails to allege sufficient facts to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). " '[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.' " *Ruiz v. Brennan*, 851 F.3d 464, n.5 (5th Cir. 2017) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 555–56, "Factual allegations must be enough to raise a right to relief above the speculative level . . ."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

3

relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

## II.   FACTUAL BACKGROUND

Plaintiff alleges that on January 23, 2019, defendant Richerson placed the entire Clements Unit on lockdown as a general punishment based on information that possible contraband was brought into the unit by an unknown visitor and circulated within the population. (ECF No. 3). Plaintiff alleges that due to defendant Richerson's presumed "embarrassment" about the contraband incident, defendant Richerson assembled a "shake-down hit squad," known as Field Force officers, to terrorize the entire prison population. *Id.* Plaintiff alleges that Field Force officers normally work in the field and escort prisoners, but defendant Richerson instructed these officers to destroy personal property in retaliation for her embarrassment concerning the contraband incident. *Id.* Plaintiff states that defendant Richerson had a duty to instruct her officers to follow rules, policies and procedures and she failed in that duty. *Id*.

Plaintiff alleges the Field Force officers were on a "rampage," destroying personal property and "going too far." *Id.* Plaintiff states that when the Field Force officers arrived at his cell, he refused to exit his cell based on fear. *Id.* Plaintiff alleges he eventually came out of his cell and was handcuffed and transported to another location, where he was forced to give up his prayer beads for inspection. *Id*. On the way back to his cell, while still handcuffed, one of the Field Force officers (defendant Garcia) questioned plaintiff, using racial slurs, concerning the location of his prayer beads. *Id*. Plaintiff responded in kind to the officer, but made no physically aggressive moves. *Id.* Plaintiff claims that defendant Garcia then punched plaintiff in the face several times while he was still handcuffed. *Id.* Plaintiff claims the two other officers escorting him back to his cell did nothing to stop the attack. *Id.* Plaintiff suffered physical injuries and pain as a result of the

attack by defendant Garcia. *Id*. Plaintiff claims that one of the two escort guards, defendant Herrera, encouraged Garcia to falsify government records by stating that plaintiff "charged" at defendant Garcia and broke away from escort. *Id*. Plaintiff also claims no Christian religious items were seized, only his Muslim prayer beads and the religious items of non-Christians. *Id*.

Plaintiff was seen by medical staff following the altercation. *Id*. Plaintiff states he sustained a concussion as a result of the attack. *Id*. Plaintiff finally states that defendants Garcia and Herrera "acted as they did do [sic] to defendant Warden Richardson's [sic] implicit or explicit allowance." *Id*. Plaintiff states that Garcia, Herrera and Richerson acted in conspiracy to assault the plaintiff. *Id*.

### III.    ANALYSIS

<u>Claims Against Richerson in Her Official Capacity</u>

Plaintiff's claims for monetary damages against defendant Richerson in her official capacity are barred. The Court notes plaintiff has sued defendant Richerson both in her official and her individual capacity; however, suit against a defendant in her official capacity is barred by the Eleventh Amendment. Eleventh Amendment immunity is an explicit constitutional limitation on the federal judicial power. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). The Eleventh Amendment restricts federal court jurisdiction only in those cases in which the state is the real party in interest. *Hander v. San Jacinto Junior College*, 519 F.2d 273, 278 (5th Cir. 1975). A suit against an official in her official capacity is actually a suit against the state. *Hafer v. Melo*, 502 U.S. 21 (1991); *Sanders v. English*, 950 F.2d 1152, 1158 (5th Cir. 1992). Consequently, plaintiff's action against defendant Richerson in her official capacity is foreclosed by the Eleventh Amendment.

Claims Against Richerson in Her Individual Capacity

Supervisors are not liable for the actions of subordinates based on vicarious liability or respondeat superior. *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). The plaintiff must allege that the supervisor acted or failed to act with deliberate indifference. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 254 (5th Cir. 2005), *abrogated on other grounds by Kingsley v. Hendrickson*, —— U.S. ——, 135 S.Ct. 2466, 2475 (2015). If the plaintiff claims that the defendant failed to train or supervise, the plaintiff must show that "1) the supervisor either failed to supervise or train the subordinate official; 2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and 3) the failure to train or supervise amounts to deliberate indifference." *Davis*, 406 F.3d at 381 (quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998)). Deliberate indifference requires more than negligence. *Id*. It usually requires a pattern and a showing that the "inadequacy of training is 'obvious and obviously likely to result in a constitutional violation.'" *Id*. (quoting *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003) (quoting *Thompson v. Upshur Co.*, 245 F.3d 447, 459 (5th Cir. 2001)).

The Fifth Circuit has held that an allegation that the defendant failed to adopt training policies that would remedy potential dangers was conclusory and insufficient to overcome a supervisor's claim of qualified immunity. *Harvey v. Turnbo*, 35 F.3d 560, 1994 WL 499746, at *3 (5th Cir. 1994). A plaintiff's claim that the defendant failed to "properly train, screen, and control subordinate officers" is also insufficient. *See Johnson v. Lupe Valdez*, 2007 WL 2122177, at *2-3 (N.D. Tex. 2007). Also, pleading "[knowledge by the defendant] of the misconduct by the prison inmates and prison guards [where the supervisor also] did nothing to stop it and in fact condoned such conduct," is likewise insufficient. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986). The Fifth Circuit held that this was insufficient to overcome qualified immunity because the

6

plaintiff did not cite "any conduct (or specific omissions) that would causally link the defendants to decedent's death." *Id*. at 793. "[P]laintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Id*. The court explained that the plaintiff did not allege that officials received a warning or explain how the defendants knew of or intended the attack. *Id*. at 792.

Here, plaintiff has failed to establish a causal connection between the assault and the racially motivated property deprivation (the constitutional deprivations plaintiff alleges) and the defendant he seeks to hold responsible (defendant Richerson). Rather, plaintiff only makes conclusory allegations that defendant Richerson's "embarrassment" over the contraband incident led to a shakedown of the entire unit. This statement does not establish any link between Richerson and defendant Garcia and defendant Herrera's actions during the escort. Further, plaintiff's conclusory statement that defendants Garcia and Herrera "acted with the implicit or explicit" consent of defendant Richerson is insufficient to plead a claim. *Procunier*, 801 F.2d at 793. Thus, plaintiff's individual capacity claims against defendant Richerson should be DISMISSED.

## IV.     RECOMMENDATION

For the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge to the District Judge that the "Motion to Dismiss" filed by defendant Richerson be GRANTED.

## V.     INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on June 12, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).