

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

LORENZO LARA-HAYNES,           §
                               §
        Plaintiff,             §
                               §
v.                             §     2:19-CV-56-Z-BR
                               §
CIPRIANO GARCIA, et al.,       §
                               §
        Defendants.            §

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

On June 12, 2020, the United States Magistrate Judge (the "Magistrate Judge") entered findings and conclusions (ECF No. 24) on the "Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (the "Motion to Dismiss") (ECF No. 11) filed by Defendant Warden Kendall Richerson ("Richerson") on October 28, 2019. The Magistrate Judge RECOMMENDS that Richerson's Motion to Dismiss be GRANTED. On July 10, 2020, Plaintiff Lorenzo Lara-Haynes ("Plaintiff") filed objections (ECF No. 25) to the Magistrate Judge's findings, conclusions, and recommendation (the "FCR").

After making an independent review of the pleadings, files, and records in this case and the Magistrate Judge's FCR, the Court concludes that the findings and conclusions are correct. For the reasons below, the Court OVERRULES Plaintiff's objections and GRANTS Richerson's Motion to Dismiss.

**I. PLAINTIFF'S CLAIMS UNDER 42 U.S.C. §§ 1985(3) AND 1986**

Before addressing Plaintiff's objections directly, the Court ascertains that a supplementary analysis to the FCR is useful. In his complaint (ECF No. 3), Plaintiff makes claims that, under the FCR's and this Court's generous construal, appear to be under 42 U.S.C. §§ 1983, 1985(3), and

1986. *See* ECF No. 3 at 8. Both Richerson's Motion to Dismiss and the FCR mention the claims under 42 U.S.C. §§ 1985(3) ("Section 1985(3)") and 1986 ("Section 1986") either directly or indirectly. *See* ECF Nos. 11 at 1, 24 at 1. However, neither filing presents a full analysis of these claims. Without deciding that this analysis is necessary, the Court now proceeds to offer such an analysis for the sake of exhaustion.

Under Section 1986, "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do . . . shall be liable to the party injured" if such a wrongful act is committed. 42 U.S.C. § 1986. Hence, liability under this section presupposes that some wrongdoing under 42 U.S.C. § 1985 has occurred. *See also Tiner v. Cockrell*, 756 Fed. Appx. 482, 483 (5th Cir. 2019) (citing *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 276 (5th Cir. 2000)) ("A valid [Section] 1985 claim is a prerequisite to a viable 42 U.S.C. § 1986 claim."). Consequently, to assess Plaintiff's Section 1986 claim, this Court must first assess his Section 1985(3) claim.

"To state a claim under . . . [Section] 1985(3), a plaintiff must allege: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Texas Democratic Party v. Abbott*, 961 F.3d 389, 410 (5th Cir. 2020) (quoting *Hilliard v. Ferguson*, 30 F.3d 649, 652–53 (5th Cir. 1994)).

To satisfy the first element, Plaintiff must show that his claims "fall outside of the general rule that the acts of an agent of a corporate or government entity are considered the acts of the entity." *Jefferson v. Smith*, 714 Fed. Appx. 450, 451 (5th Cir. 2018) (citing *Hilliard v. Ferguson*,

30 F.3d 649, 653 (5th Cir. 1994)). In *Jefferson*, the plaintiff's claims against multiple Bureau of Prisons officers were barred under this rule because the alleged conspiracy did not involve two or more people. *Id.* To satisfy the second element, Plaintiff must allege a conspiracy to deprive him equal protection of the laws based on a "racial or class-based animus." *Tiner*, 756 Fed. Appx. at 483 (quoting *Kimble v. D.J. McDuffy, Inc.*, 648 F.2d 340, 345 (5th Cir. 1981) (en banc)).

Here, Plaintiff names Richerson, Field Force Sergeant Cipriano Garcia, and Correctional Officer IV Aaron Herrera as Defendants. ECF No. 3 at 3. Although Plaintiff has technically named "two or more people," all three defendants are a part of the same government entity under the *Hilliard* rule — namely the Texas Department of Criminal Justice. Because a government entity or corporation "cannot conspire with itself any more than a private individual can," Plaintiff has failed to allege a genuine conspiracy. *Hilliard*, 30 F.3d at 653.

Moreover, even assuming *arguendo* that Plaintiff did not fail to allege a conspiracy, the conspiracy still would not be the type covered by Section 1985(3). Plaintiff alleges that Richerson "had made a declaration of payback against Clements Unit inmates in general," and assembled a "shake-down hit squad" to "terrorize the inmate population" subsequent to his "embarrassment" over contraband being circulated in the unit. ECF No. 3 at 4–5. Because Richerson's alleged conduct targeted the inmate population in general *without* regard to race, Plaintiff has failed to allege a conspiracy to deprive him of equal protection of the laws based on a racial or class-based animus.

## II. DISMISSAL OF PLAINTIFF'S CLAIMS

Regarding dismissal of a plaintiff's claims, a court may dismiss "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court

3

shall dismiss at any time" if the court determines that the action taken *in forma pauperis* "fails to state a claim under which relief can be granted."). "A complaint fails to state a claim upon which relief may be granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief." *Fountain v. Rupert*, No. 18-40920, 2020 WL 3524550, at *2 (5th Cir. 2020) (citing *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).

Claims filed by *pro se* complainants under 42 U.S.C. § 1985(3) may be dismissed with prejudice by the Court pursuant to 28 U.S.C. § 1915A when the plaintiff was afforded an opportunity to amend his complaint. *See Fountain*, 2020 WL 3524550, at *2. However, "[g]enerally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

In *Morrison v. City of Baton Rouge*, the Fifth Circuit held that a court could assume that "the specific allegations of the amended complaint constitute the plaintiffs' best case." 761 F.2d 242 (5th Cir. 1985). In *Jacquez v. Procunier*, the Fifth Circuit extended *Morrison*'s ruling to "any case where the pleadings, when viewed under the individual circumstances of the case, demonstrate that the plaintiff has pleaded his *best case*." 801 F.2d 789, 793 (5th Cir. 1986) (emphasis in original). Accordingly, in *Jones v. Greninger*, the Fifth Circuit upheld the district court's dismissal of a *pro se* complainant's claims with prejudice because it could "perceive of no viable claim [that the plaintiff] could include in an amended petition" with regard to the underlying facts. 188 F.3d 322, 327 (5th Cir. 1999); *see also Brown v. Lyons*, 690 Fed. Appx. 872 (5th Cir. 2017) (upholding the dismissal of a *pro se* prisoner's claims under 42 U.S.C. §§ 1983, 1985(2)–(3), and 1986 with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)).

Here, the Court cannot perceive any additional facts that Plaintiff could plead that would satisfy his burden to state a claim. The nature of his complaint precludes him from alleging a conspiracy involving two or more persons. Moreover, even if Plaintiff was unaware of "the heightened pleading requirements for actions under § 1983," the requirements should have been brought to his attention by Richerson's Motion to Dismiss. *See Jacquez*, 801 F.2d at 793. Furthermore, Plaintiff was also given the opportunity to object to the Magistrate Judge's FCR, but he pled no additional facts to overcome the deficiency of his complaint. *See* ECF Nos. 24, 25 at 1. Therefore, the Court concludes that "remanding the case to allow another pleading would do nothing but prolong the inevitable, and would only subject the defendants to exactly those hardships the immunity doctrine is supposed to relieve." *Jacquez*, 801 F.2d at 793. Accordingly, the Court should grant Defendant's Motion to Dismiss with respect to Plaintiff's claims under 42 U.S.C. §1985(3) and §1986.[1]

### III. PLAINTIFF'S OBJECTIONS

Plaintiff's objections to the FCR are non-responsive. Plaintiff provides no evidence or response whatsoever to the Magistrate Judge's Eleventh Amendment analysis or her deliberate indifference analysis. Instead, Plaintiff simply states:

> Warden Richerson, being top policy maker on the William R. Clement Unit, instilled a shadow culture where these unwritten policies are accepted as standard operating procedure against inmates who would stand up for their rights. *See Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996), *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *Harris v. Chanclor*, 537 F.2d 203, 306 (5th Cir. 1976). This is not a standalone incident: it just happened to be caught on camera. I, the Plaintiff, object to the Motion for Dismiss[al].[2]

---

[1] The record indicates that this is Plaintiff's first lawsuit filed relating to his imprisonment. ECF No. 3 at 2. 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Accordingly, this is Plaintiff's "first strike."

[2] The Court has altered this quotation to remove spelling and grammatical errors for the sake of readability.

5

However, the cases cited by Plaintiff — only one of which is binding upon this Court — are not relevant. *Cox* concerned errors "that the trial court [allegedly made], including giving improper jury instructions, excluding certain evidence, and dismissing four defendants on statute of limitations grounds." 75 F.3d at 232. Similarly, if there is any language in *Bruner* helpful to Plaintiff, it is the Sixth Circuit's holding that "it is not necessary, in order to hold a police officer liable under [Section] 1983, to demonstrate that the officer actively participated in striking a plaintiff." 684 F.2d at 426. In other words, an officer may be held liable if he is present while an individual is being subjected to excessive use of force by other officers because he has a duty to intervene. The Fifth Circuit has stated a similar rule in *Chanclor*. 537 F.3d at 206 ("It is well established that a warden's deliberate indifference to an inmate's severe and obvious injuries is tantamount to an intentional infliction of cruel and unusual punishment. It has also been held that a supervisory officer is liable under [Section] 1983 if he refuses to intervene where his subordinates are beating an inmate in his presence." (citations omitted)).

However, these cases do not help Plaintiff for four reasons. First, there is no evidence in Plaintiff's complaint that Richerson was present during other Defendants' alleged excessive use of force. Second, none of these cases included claims under Section 1985(3) or Section 1986. Third, even assuming *arguendo* that Richerson was present, this would not overcome the deficiencies in Plaintiff's complaint because he still would have failed to establish a conspiracy or race-based animus. Finally, as the Magistrate Judge concluded in the FCR, even under a Section 1983 "deliberate indifference" inquiry, Plaintiff failed to establish the required causal connection between Richerson and Defendant Garcia and Defendant Herrera's actions during the escort. *See* ECF No. 24 at 7.

6

**IV. ORDER**

For the reasons stated above, Plaintiff's objections (ECF No. 25) are OVERRULED, and the Magistrate Judge's FCR (ECF No. 24) is ADOPTED. It is therefore ORDERED that Richerson's Motion to Dismiss (ECF No. 11) is GRANTED and that all claims against Richerson are DISMISSED for failure to state a claim.

**SO ORDERED.**

July 2l, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE